UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

THOMAS O'FARRELL,
   Plaintiff,

vs.                          Case No. 03-1369

EUGENE MASCHING, et. al.,
   Defendants.

### ORDER

     This cause is before the court for consideration of the plaintiff's "Motion to Set Aside Jury Verdict."[d/e 58].  A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment. *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995).  The plaintiff did not provide his motion to prison officials within this time frame.  Therefore, the court will consider this a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure.

     A motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) "permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994).   Such relief is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust."  *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986).

     This case proceed to jury trial on March 6, 2006.  The plaintiff had two surviving claims against the defendant including:

    1) that the defendant violated his Eighth Amendment rights when he intentionally
    put the plaintiff in a dangerous situation and provoked another inmate to attack
    him; and
    2) that the defendant failed to protect the plaintiff from the attack in violation of
    the Eighth Amendment.

The jury returned a verdict in favor of the defendant on both counts.

     The plaintiff states that he presented evidence from another inmate that the defendant provoked him to attack the plaintiff.   The plaintiff says the defendant did not contradict this claim other than his own "self-protective testimony." (Plain. Mot., p. 1).

     The jury was presented with contradictory evidence from the plaintiff and the defendant.

"[I]t was certainly within the province of the jury 'to parse the facts, to weigh the credibility of each witness and to disregard the testimony' of witnesses it found to be less credible or not worthy of credence." *Carter v. Chicago Police Officers,* 165 F.3d 1071, 1081 (7th Cir. 1998) *quoting Robinson v. Burlington N.R.R. Co.,* 131 F.3d 648, 656 (7th Cir. 1997). The plaintiff has not met his burden under Rule 60(b) and the motion is denied.

**IT IS THEREFORE ORDERED that the plaintiff's motion pursuant to Rule 60(b)of the Federal Rules of Civil Procedure is denied. [d/e 58]**

Enter this _____ day of March, 2007.

**s/Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE